# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL LEONEL FOURNIER-ROBLES, also known as Raul Leonel Fournier,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1563-3

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raul Leonel Fournier-Robles (Fournier) appeals his guilty plea conviction for engaging in a continuing criminal enterprise for which he was sentenced to 300 months of imprisonment. He argues that the district court violated Federal Rule of Criminal Procedure 11(c)(1) by improperly participating in his plea negotiations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50244

Because Fournier did not object on this basis in the district court, this court reviews for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see also United States v. Davila*, 133 S. Ct. 2139, 2148-50 (2013) (rejecting contention that improper participation in plea discussions under Rule 11 requires automatic vacatur rather than analysis under the ordinary harmless and plain error standards).  Fournier must show error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Fournier fails to show that any discussions among the district court, his first trial attorney, and the attorney for the Government occurred during plea negotiations rather than after a plea agreement had been negotiated by the parties and disclosed to the district court. *See United States v. Hemphill*, 748 F.3d 666, 672-73 (5th Cir. 2014) (holding that a district court may properly discuss and evaluate a plea agreement once it has been disclosed by the parties).  Nor does Fournier show that the district court's inquiry whether his second trial attorney intended to adhere to the already-negotiated plea agreement was improper. *See id.*  Fournier fails to show error, much less clear or obvious error, by the district court. *See Puckett*, 556 U.S. at 135.

AFFIRMED.